UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WALTER DUNNING,

    Plaintiff,

v.                                         Case No.:  2:25-cv-796-SPC-DNF

DETECTIVE COHEN, SERGEANT
HARRISON, SERGEANT
CARTER, SERGEANT REITLER,
and SERGEANT SABOE,

    Defendants.

## **OPINION AND ORDER**

    Before the Court is Defendants Detective Cohen, Sergeant Harrison, Sergeant Carter, Sergeant Reitler, and Sergeant Saboe's Motion to Dismiss. (Doc. 9). Pro se Plaintiff Walter Dunning responded. (Doc. 10). For the below reasons, the Court grants the motion.

    This is a civil rights action under 42 U.S.C. § 1983. The facts are difficult to discern because Plaintiff provides a narrative comprised of run-on sentences and no clear chronology. But as best the Court can discern, Plaintiff alleges he was a passenger in a vehicle that was stopped for driving without a license plate. Sergeant Carter snatched Plaintiff out of the car, threw him to the ground with one arm behind his back, handcuffed him, and slammed his head against the top of the police car. This caused a laceration to Plaintiff's head.

While Plaintiff was handcuffed and bleeding, Sergeant Carter took pictures of Plaintiff's head. Sergeant Carter then confiscated Plaintiff's prescription pain medication and cell phone. (Doc. 1).

Plaintiff sues Defendants in their official capacities for violation of his Fourth and Eighth Amendment rights. (Doc. 1). Defendants move to dismiss, arguing Plaintiff fails to state a § 1983 claim. (Doc. 9).

To survive a Federal Rule of Civil Procedure 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See id.* at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

Defendants first argue Plaintiff fails to allege conduct by any Defendant except Sergeant Carter, so the remaining Defendants should be dismissed. The Court agrees. Without any alleged conduct attributed to Detective Cohen,

Sergeant Harrison, Sergeant Reitler, or Sergeant Saboe, Plaintiff fails to state a claim against them. So these Defendants are dismissed without prejudice.

There is a larger issue with Plaintiff's official-capacity claims. A § 1983 claim against a government officer in his official capacity constitutes a claim against the government entity of which the officer is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." (citation omitted)); *Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999) ("We start with the proposition that a suit against a governmental official in his official capacity is deemed a suit against the entity that he represents."). But Plaintiff never identifies the government entity that Defendants work for. So it is unclear who this suit is really against.

Even if the government entity was known, Plaintiff still fails to state a § 1983 claim. "To prevail on an official-capacity claim, a plaintiff must show that a policy or custom of the governmental entity was a moving force behind the violation of federal law." *Hatcher v. Carner*, No. 2:24-CV-01133-SPC-NPM, 2025 WL 2172529, at *2 (M.D. Fla. July 31, 2025) (citing *Graham*, 473 U.S. at 166)). Plaintiff has not alleged a custom or policy, let alone that the policy or custom was the moving force behind the constitutional violation. So Plaintiff fails to plausibly allege a § 1983 claim.

Plaintiff's Eighth Amendment claim fails for another reason. He alleges Defendants violated the Eighth Amendment's prohibition on cruel and unusual punishment. But this constitutional protection does not apply until after a conviction and sentence. *See Graham v. Connor*, 490 U.S. 386, 393 n.6 (1989); *Jones v. Johnson*, No. 10-21705-CIV, 2010 WL 6029241, at *6 (S.D. Fla. Aug. 31, 2010), *report and recommendation adopted*, 2011 WL 860670 (Mar. 9, 2011) ("The Eighth Amendment's protection does not attach until after conviction and sentence."). Plaintiff does not allege he was convicted or sentenced. To the contrary, this lawsuit arises from a traffic stop. So Plaintiff's Eighth Amendment claim also fails.

One final issue. Because Plaintiff's official-capacity claims are really claims against the government entity, Defendants ask the Court to dismiss them from the case and instruct Plaintiff to name the entity as the defendant. (Doc. 9 at 4). But there is no issue with Plaintiff proceeding with his official-capacity claims against an officer, and Defendants cite no authority to the contrary.[1] That said, assuming all five officers work for the same government

---

[1] Defendants cite *Busby v. City of Orlando*, for the proposition that "[b]ecause suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly[.]" 931 F.2d 764, 776 (11th Cir. 1991). But in *Busby*, the defendant also brought a claim against the City of Orlando, so the official-capacity claim against the municipal officer was redundant "and possibly confusing to a jury." *Id.* Plaintiff has not sued a government entity here, so there is no redundancy in that respect.

entity, suing them all in their official capacity appears duplicative. *Cf. Gyden v. Dixon*, No. 8:22-CV-2980-CEH-AAS, 2024 WL 4881366, at *1 (M.D. Fla. Nov. 25, 2024) (dismissing official-capacity claims against two defendants as duplicative of official-capacity claims against another defendant when all three defendants were agents of the Florida Department of Corrections); *Heywood v. Dixon*, No. 4:23-CV-474-AW-MAF, 2024 WL 3676386, at *2 (N.D. Fla. Aug. 2, 2024) (same). Plaintiff should consider the redundancy of his claims if he amends his complaint.

The Court will give Plaintiff one additional opportunity to get this case off the ground. Any further pleading deficiencies will result in dismissal of this action with prejudice. *See Carvel v. Godley*, 404 F. App'x 359, 361 (11th Cir. 2010) ("[R]epeated failure to cure deficiencies by amendments previously allowed . . . can justify dismissal with prejudice." (cleaned up and citation omitted)).

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 9) is **GRANTED**.

2. Plaintiff's complaint is **DISMISSED without prejudice.**

3. On or before **January 27, 2026**, Plaintiff may file an amended complaint. **Failure to do so will cause the Court to dismiss this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on January 13, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record